IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH TEKLEABIB,<br><br>  Plaintiff,<br><br>  v.<br><br>REX W. TILLERSON, SECRETARY, UNITED STATES DEPARTMENT OF STATE,<br><br>  Defendant. | Case No. 16-cv-05208-MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 18 |

Before the Court is defendant Rex W. Tillerson's "Motion to Dismiss Plaintiff's Complaint for Damages Pursuant to Federal Rule of Civil Procedure 12(b)(1)," filed April 21, 2017. Plaintiff Elizabeth Tekleabib has filed opposition, to which defendant has replied.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

## BACKGROUND

In her complaint, plaintiff, who was formerly employed by the United States Department of State as a Passport Specialist (see Compl. ¶ 7), asserts two claims, each alleging a violation of Title VII of the Civil Rights Act.

In Claim One, titled "Race Discrimination," plaintiff alleges that, "[d]uring her employment," she "suffered discrimination based on her race, color, and national origin," identified as, respectively, "Black, African/African-American, Ethiopian," and gives the following "examples" of discriminatory acts: (1) "[b]eing disciplined, including being put

---

[1] Defendant submitted the chambers copy of his reply in double-sided format. For future reference, defendant is directed to comply with the Court's Standing Orders, which require that chambers copies be submitted in single-sided format.

[2] By order filed June 13, 2017, the Court took the matter under submission.

1  on a performance improvement plan and given a letter of admonishment"; (2) "[b]eing
2  given low performance ratings"; (3) "[h]aving her work performance subject to extreme
3  scrutiny, and working under different terms and conditions of employment than non-Black
4  co-workers"; and (4) "[h]aving her performance criticized for not 'articulating' well enough
5  (because she had an accent)." (See Compl. ¶ 9.) According to plaintiff, "[n]on-Black co-
6  workers who made more errors than plaintiff were not subject[ed] to discipline." (See
7  Compl. ¶ 10.)

In Claim Two, also titled "Race Discrimination," plaintiff alleges that, "[d]uring her employment," she "was subjected to a hostile work environment based on her race/color/ national origin, including but not limited to being placed under extra scrutiny and excessive monitoring, being subjected to inappropriate racially based comments, receiving less support than non-African American coworkers, having false allegations made against her, and being subjected to intimidation and bullying." (See Compl. ¶ 17.)

**DISCUSSION**

Defendant seeks dismissal of plaintiff's complaint, on the asserted ground that plaintiff did not exhaust her administrative remedies.

At the outset, the Court addresses the procedure by which defendant has raised the issue of exhaustion. Defendant contends that a failure to exhaust deprives a district court of jurisdiction and, consequently, that the instant motion is properly brought under Rule 12(b)(1). Relying on cases holding that a party seeking dismissal under Rule 12(b)(1) may offer evidence in support thereof, see, e.g., Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (holding district court did not err in considering "evidence outside the complaint" to resolve motion to dismiss for lack of subject matter jurisdiction), defendant has submitted thirteen exhibits as support for the instant motion. As the Ninth Circuit has explained, however, "[courts] do not recognize administrative exhaustion under Title VII as a jurisdiction requirement per se," but, rather, as a "condition precedent to suit which a defendant may waive or be estopped from asserting." See Vinieratos v. United States, 939 F.2d 762, 768 n.5 (9th Cir. 1991)

(internal quotation and citation omitted). Nonetheless, the Court will consider defendant's evidence as, even if the motion had been brought under Rule 12(b)(6), each of the exhibits on which defendant relies is one as to which the Court ordinarily may take judicial notice[3] and plaintiff has not challenged the authenticity of any of those exhibits; indeed, plaintiff herself has relied on several of them in her opposition.

The Court next considers the steps a federal employee must take to exhaust administrative remedies.

"Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit." Vinieratos, 939 F.2d at 767-68. The Federal Labor-Management Relations Act, specifically, 5 U.S.C. § 7121(d), "governs the methods and manner by which a federal employee with exclusive union representation may challenge an adverse personnel decision by the government agency that employs him." See id. at 768. Under § 7121(d), "a federal employee who alleges employment discrimination must elect to pursue his claim under either a statutory procedure or a union-assisted negotiated grievance procedure; he cannot pursue both avenues, and his election is irrevocable." See id. "An employee shall be deemed to have exercised his option under [§ 7121(d)] to raise the matter under either a statutory procedure or the negotiated procedure at such time as the employee timely initiates an action under the applicable statutory procedure or timely files a grievance in writing, in accordance with the provisions of the parties' negotiated procedure, whichever event occurs first." 5 U.S.C. § 7121(d).

---

[3] Twelve of the exhibits submitted by defendant are documents filed during the course of administrative proceedings instituted by plaintiff, see Interstate Natural Gas Co. v. Southern California Gas Co., 209 F.2d 380, 385 (9th Cir. 1953) (holding courts, in determining whether administrative remedies have been exhausted, may take judicial notice of administrative agency's "records and reports"), and the remaining exhibit is a copy of the collective bargaining agreement governing the terms of plaintiff's employment, see Densmore v. Mission Linen Supply, 164 F. Supp. 3d 1180, 1187 (E.D. Cal. 2016) (holding courts "may take judicial notice of a CBA in evaluating a motion to dismiss as such documents properly are considered materials not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

Where a plaintiff alleges discrimination on the basis of race, color, or national origin, the applicable statutory procedure is that set forth in Title VIII, see 29 U.S.C. § 2000e-16, and in regulations promulgated by the Equal Employment Opportunity Commission ("EEOC"), see 29 C.F.R. §§ 1614.101-1614.707. Specifically, a federal employee who elects to pursue a discrimination claim under such statutory procedure must first consult with an equal employment opportunity ("EEO") counselor, see 29 C.F.R. §§ 1614.102(b)(6), 1614.105(a), and, if dissatisfied with the outcome of the counseling, must then file an EEO complaint, see 29 C.F.R. § 1614.106. "[T]he filing of a written [EEO] complaint" constitutes a federal employee's election to proceed using the EEO process. See 29 C.F.R. § 1614.301(a).

Here, plaintiff alleges she filed with the EEOC a "formal complaint of discrimination on her claims." (See Compl. ¶ 3.) Defendant has not disputed said allegation, and, indeed, has submitted evidence, specifically, correspondence from the EEOC to plaintiff (see Falis Decl. Exs. B-D), that establishes a formal EEO complaint was filed. (See id. Ex. B (acknowledging receipt of "Formal Complaint of Discrimination dated April 10, 2013"); Ex. C (acknowledging receipt of EEO complaint alleging discrimination on basis of race, color, and national origin;[4] identifying allegedly discriminatory acts as placement on "Performance Improvement Plan," receiving "letter of reprimand," and being "subjected to a hostile work environment characterized by, but not limited to, inappropriate comments, false allegations, intimidating behavior, and excessive monitoring").)[5] In sum, plaintiff's filing of an EEO complaint constituted her irrevocable election to exhaust her administrative remedies through the EEO process with respect to the matters raised therein, specifically, (1) her placement in a performance improvement

---

[4] In her EEO complaint, plaintiff also alleged she had been subjected to discrimination on the basis of her age, gender and marital status. (See id.) In the instant federal action, however, plaintiff does not allege discrimination on the basis of her age, gender or marital status.

[5] In addition, defendant has submitted evidence establishing plaintiff consulted with an EEO counsel prior to filing her EEO complaint. (See id. Ex. D at 6.)

plan and her receipt of a letter of reprimand, which actions are challenged in Claim One of the instant action,[6] and (2) her subjection to a hostile work environment, which actions are challenged in Claim Two.

Where, as here, a plaintiff elects to exhaust discrimination claims through the EEO process, the plaintiff is then "committed" to complete that process. See Vinieratos, 939 F.2d at 769. To complete the EEO process, the plaintiff must "receive a notice of right to sue." See Waters v. Heublein, 547 F.2d 466, 468 (9th Cir. 1976). Here, plaintiff alleges she received a "right to sue notice from the EEOC" (see Compl. ¶ 3), which allegation defendant has not disputed; indeed, defendant has submitted the right to sue notice (see Falis Decl. Ex. M at 3.)[7] Nevertheless, defendant argues, plaintiff failed to exhaust her administrative remedies because, according to defendant, she "abandoned the EEO process." (See Def.'s Mot. at 5:23-25.)

"Abandonment of [the EEO process] in order to pursue another avenue of relief

---

[6] As noted, Claim One also challenges plaintiff's "low performance reviews," having "her work performance subject to extreme scrutiny," and having "her performance criticized for not 'articulating' well enough." (See Compl. ¶ 9.) It is unclear whether said asserted acts are alternative characterizations of plaintiff's placement on a performance improvement plan and being reprimanded, or are intended to refer to other conduct. If the latter, an issue may exist as to whether such other conduct is "like or reasonably related to" conduct alleged in plaintiff's EEO complaint. See B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1110 (9th Cir. 2002) (holding allegations of discrimination not set forth in EEO complaint may be considered by federal court only if they are "like or reasonably related to" allegations in EEO complaint). As defendant has not argued that any claim in the instant complaint is not like or reasonably related to claims asserted in plaintiff's EEO complaint, the Court, for purposes of the instant motion, assumes each allegedly discriminatory act asserted as part of Claim One was presented in plaintiff's EEO complaint or is like or reasonably related to claims asserted in the EEO complaint.

[7] A plaintiff must file a Title VII complaint within ninety days of the receipt of a right to sue notice. See 42 U.S.C. § 2000e-16(c). Here, the right to sue notice is dated June 8, 2016. (See Falis Decl. Ex. M.) As such notice is presumed to have been mailed on the date of issuance and to have been received three days later, see Payan v. Aramark Management Services Ltd., 495 F.3d 1119, 1123, 1125 (9th Cir. 2007), plaintiff was required, in the absence of a showing rebutting one or both of the presumptions, to file her complaint no later than 93 days after June 8, 2017, i.e., by Friday, September 9, 2017. Plaintiff, however, filed her complaint on Sunday, September 11, 2017. As the timeliness of the complaint is not jurisdictional, see id. at 1121, and defendant has not challenged the complaint on timeliness grounds, the Court does not further consider the issue herein.

constitute[s] a failure to exhaust the one appropriate remedy [the employee] had selected." See Vinieratos, 939 F.2d at 769. The Court thus turns to the question of whether the evidence submitted by defendant establishes that plaintiff, having irrevocably elected to exhaust her discrimination claims through the EEO process, thereafter abandoned it.

As noted, plaintiff filed her EEO complaint on April 10, 2013. Thereafter, on December 27, 2013, plaintiff was terminated by the Department of State (see Falis Decl. Ex. I at 9) and then filed a grievance (see id. Ex. F, Tab G at 1.) The grievance, according to the arbitrator who heard it,[8] presented the following issue: "Was the removal of [plaintiff] proper under the law and the Collective Bargaining Agreement; if not, what is the appropriate remedy?" (See id. Ex. I at 2).[9] A hearing on the grievance was conducted on October 22 and 23, 2014 (see id. Ex. I at 1), and, on March 20, 2015, the arbitrator issued an "Opinion and Award" denying the grievance. (See id. Ex. I.) Plaintiff then sought review of the arbitrator's decision from the Merit Systems Protection Board ("MSPB"), which "denied the request, concluding that [it] did not have jurisdiction over the matter because [plaintiff] did not raise a discrimination claim in the arbitration proceeding." (See id. Ex. L at 2.)[10] Thereafter, the EEOC determined it would not consider the merits of plaintiff's EEO complaint and, as noted, issued a right to sue notice. (See Falis Decl. Ex. M.)

Defendant argues that plaintiff, by pursuing the above-referenced grievance,

---

[8] Neither party has submitted the grievance to this Court.

[9] The "law" to which the arbitrator referred is 5 U.S.C. § 4302 and the regulations implementing said statute, which authority addresses the use of performance improvement plans and is quoted in the arbitrator's decision. (See id. Ex. I at 6-8.)

[10] "For an employee covered by a [CBA], the negotiated grievance procedures contained in the agreement are the exclusive procedures for resolving any action," see 5 C.F.R. § 1201.3(c)(1), with the "exception[ ]" that if an employee "alleges discrimination" in a grievance, the employee, "after having obtained a final decision under the negotiated grievance procedure, may ask the [MSPB] to review that final decision," see 5 C.F.R. § 1201.3(c)(3).

6

1   abandoned the EEO process.  Specifically, defendant argues, plaintiff abandoned the

2   EEO process by (1) "voluntarily dismiss[ing]" her EEO complaint "in favor of the pending

3   grievance proceeding" (see Def.'s Mot. at 6:24-25), and (2) "challeng[ing] the same

4   adverse employment actions in [the] negotiated grievance proceeding" (see id. at 9:5-5-

5   6).  The record, however, does not support either such assertion.

6   Contrary to defendant's first assertion, there is no evidence showing plaintiff

7   dismissed her EEO complaint; rather, the record establishes that an administrative law

8   judge ("ALJ") sua sponte dismissed the EEO complaint and then reinstated it shortly

9   thereafter.  Specifically, the ALJ to whom plaintiff's EEO complaint had been assigned

10  conducted a status conference on November 18, 2014, and, on the same date, issued an

11  order titled "Order: Dismissal Without Prejudice."  (See Falis Decl. Ex. F, Tab D.)  In said

12  order, the ALJ stated that, at the status conference, "it was agreed by the parties that

13  [plaintiff] will seek to pursue her claim of termination before the Merit Systems Protection

14  Board (MSPB), should the pending arbitration proceeding result in an adverse decision."

15  (See id.)[11]  The ALJ further stated that "[i]t is also understood that [plaintiff's]

16  discrimination-based claims are related to her termination and may be brought before the

17  Board."  (See id.)[12]  Lastly, the ALJ stated as follows:  "In light of this development and of

18  the overlapping jurisdictional issues involved, this case is dismissed, without prejudice,

19  *sua sponte*, . . . and will be re-instated under a new case docket number following the

20  disposition of the matter by the MSPB."  (See Falis Decl. Ex. F, Tab D.)  Less than three

21  months later, on February 12, 2015, the ALJ issued an order stating, without elaboration,

22  that plaintiff's EEO case had been "reinstated," even though, as of that date, there had

23  been no decision by the arbitrator, much less the MSPB.  (See id. Ex. F, Tab E.)  In sum,

---

[11]As noted above, a denial of a grievance ordinarily is not appealable to the MSPB and, ultimately, the MSPB denied plaintiff such review.

[12]The order does not state whether it was the parties or the ALJ who so "understood," nor does it acknowledge that such understanding is contrary to Vinieratos, in which the Ninth Circuit held that where a federal employee elects to exhaust a discrimination claim through the EEO process, the employee "cannot" then pursue the same claim through a grievance procedure.  See Vinieratos, 939 F.3d at 768.

it is not clear why the ALJ issued either of the above two orders,[13] but what is clear is that plaintiff's EEO complaint was dismissed on the ALJ's own motion, not by plaintiff, and there is nothing in the record to suggest plaintiff had agreed to such dismissal.

Next, contrary to defendant's second assertion, there is no evidence showing plaintiff presented to the arbitrator for determination any of the claims set forth in her EEO complaint. The only claim determined by the arbitrator, and the only claim the arbitrator stated had been presented in the grievance, was plaintiff's claim of improper termination.[14] Specifically, the arbitrator, noting that the performance improvement plan required plaintiff to make no more than six "significant knowledge errors" during the 45-day period in which the plan was in effect, determined whether plaintiff made the requisite number of errors during the applicable time period. (See id. Ex. I at 10, 14, 16, 51.) The arbitrator did not consider whether it was appropriate for plaintiff's employer to place plaintiff on a performance improvement plan in the first instance or to issue plaintiff a letter of reprimand, which claims were set forth in her EEO complaint and are asserted in the instance action. Although the arbitrator did note plaintiff's testimony that her supervisor "would sometimes laugh at [plaintiff's] Ethiopian accent" (see Ex. I at 16), nothing in the arbitrator's decision suggests that he found such testimony relevant to the matter pending before him, nor does the record reflect anything to suggest plaintiff had asserted, as an explanation for her allegedly poor performance or otherwise, that she had been subjected to a discriminatory hostile work environment. Indeed, as noted, the MSPB, in determining whether to review the arbitrator's decision, found plaintiff had made no claim of discrimination in the grievance process.

Accordingly, there being no basis to conclude plaintiff abandoned the EEO process, the motion to dismiss will be denied.

---

[13]If one were to speculate, case management purposes come to mind.

[14]Plaintiff does not, in the instant action, challenge the lawfulness of her termination.

8

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 22, 2017

MAXINE M. CHESNEY
United States District Judge